UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

MARK D. WEBSTER,

Plaintiff,

v.

ALLIANCE NORTH AMERICA,

Defendant.

Case No. 2:26-cv-00335-GMN-EJY

**ORDER**

Pending before the Court is Plaintiff's Application to Proceed *in forma pauperis* ("IFP) and Complaint.  ECF Nos. 1, 1-1.  Plaintiff's IFP application is complete and granted below.

I.    **Screening Standard**

Upon granting a request to proceed *in forma pauperis,* a court must screen the complaint under 28 U.S.C. § 1915(e)(2).  In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).  *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).  To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff.  *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted).  Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide

1

more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.*  Unless it is clear the complaint's deficiencies could not be cured through amendment, a *pro se* plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

## II.    Plaintiff's Complaint

As a preliminary matter, Plaintiff says he filed a Charge of Discrimination with the EEOC and has received a Right to Sue Letter demonstrating he has exhausted administrative remedies. ECF No. 1-1 at 1.  However, Plaintiff does not attach either document.  "Exhausting administrative remedies by filing a timely charge with the EEOC, or the appropriate state agency is a statutory pre-requisite for an employee to pursue litigation…under the ADA." *Ramirez v. Kingman Hosp. Inc.*, 374 F.Supp.3d 832, 384 (D. Ariz. 2019); 42 U.S.C. § 12117(a).  In amendment, Plaintiff must attach a copy of the Right to Sue Letter. *Accord*. *Morgan v. BJ's Restaurants, Inc.*, Case No. 2:25-CV-00539-CDS-NJK, 2025 WL 915689, at *2 (D. Nev. Mar. 25, 2025).

While Plaintiff includes minimal factual allegations, broadly construed he raises three potential claims under the ADA.  To state a prima facie discriminatory termination claim, Plaintiff must allege facts demonstrating: (1) he is a disabled person within the meaning of the ADA; (2) he is a qualified individual; and (3) the Defendant terminated him because of him disability. *Kennedy v. Applause*, 90 F.3d 1477, 1481 (9th Cir. 1996).  Here, Plaintiff alleges he was hired by Defendant as a Senior Software Engineer, disclosed his disabilities, requested accommodations, and was terminated after making a second request for accommodations. ECF No. 1-1 at 1.

Notably, Plaintiff fails to identify a disability or disabilities from which he suffers within the meaning of the ADA.  The ADA defines a disability as "a physical or mental impairment that substantially limits one or more of the major life activities of such individual." 42 U.S.C. § 12102(2)(A).  Plaintiff does not allege facts demonstrating he is disabled within the meaning of the statute.  Because Plaintiff could allege facts demonstrating he is disabled, the claim is dismissed with leave to amend to allege facts establishing each element identified above.

To state a plausible failure to accommodate claim under the ADA, Plaintiff must allege that he is "(1) is disabled within the meaning of the ADA; (2) is a qualified individual able to perform the essential functions of the job with reasonable accommodation; and (3) suffered an adverse employment action because of [his] disability." *Samper v. Providence St. Vincent Med. Ctr.,* 675 F.3d 1233, 1237 (9th Cir. 2012) (quotation and citation omitted). Because Plaintiff has not pleaded facts demonstrating that he is disabled within the meaning of the ADA, he has not stated a failure to accommodate claim. Plaintiff's Complaint is also devoid of any facts demonstrating that he could perform the essential functions of his job with an accommodation. Since Plaintiff could cure these defects in amendment, the claim is dismissed with leave to amend.

Lastly, to state an ADA retaliation claim, the plaintiff must plausibly allege that (1) "he engaged in a protected activity; (2) suffered an adverse employment action; and (3) there was a causal link between the two." *Pardi v. Kaiser Found. Hosps.*, 389 F.3d 840, 849 (9th Cir. 2004). Plaintiff alleges he requested an accommodation and was terminated two days later. ECF No. 1-1 at 1. Because this is a bare bone set of facts and Plaintiff has not attached his Right to Sue Letter as a statutory prerequisite, the Court dismisses this claim with leave to amend.

**III.    Order**

IT IS HEREBY ORDERED that Plaintiff's Application for Leave to Proceed *In Forma Pauperis* (ECF No. 1) is GRANTED.

IT IS FURTHER ORDERED that the Clerk of the Court must file Plaintiff's Complaint (ECF No. 1-1).

IT IS FURTHER ORDERED that the Complaint (ECF No. 1-1) is DISMISSED without prejudice for failure to state a claim upon which relief can be granted, with leave to amend. If Plaintiff chooses to file an amended complaint, Plaintiff must file the amended complaint no later than **March 23, 2026**. Failure to comply with this Order may result in a recommendation that this action be dismissed.

If Plaintiff proceeds with an amended complaint, the amended complaint must also contain a short and plain statement of the facts upon which Plaintiff bases each of her claims. These facts must establish the elements of each claim Plaintiff alleges including a sufficient description of the

facts underlying each Defendant's conduct Plaintiff alleges constitutes discrimination.  Fed. R. Civ. P. 8(a)(2).

Plaintiff is advised that if he files an amended complaint, the original Complaint (ECF No. 1-1) no longer serves any function in this case.  As such, the amended complaint must be complete in and of itself without reference to prior pleadings or other documents.  The Court cannot refer to a prior pleading or other documents to make Plaintiff's amended complaint complete.

Dated this 20th of February, 2026.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

4